McGREGOR W. SCOTT
United States Attorney
MIRA CHERNICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MYRNA KAWAKAMI,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:19-CR-00067-TLN<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendant MYRNA KAWAKAMI in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to various taxpayers in this case, including personal identifying information such as social security numbers, individual taxpayer identification numbers, addresses, phone numbers, birthdates, and also including their tax and personal financial information;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in

Stipulation & [Proposed] Protective Order
U.S. v. Kawakami. 2:19-CR-00067-TLN

1

this case; and

WHEREAS, the defendant, MYRNA KAWAKAMI, has counsel ("Defense Counsel") who wishes the opportunity to review the discovery;

Defendant MYRNA KAWAKAMI and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of his client. At no time shall the defendant be permitted to review the protected discovery outside of the presence of her attorney. If the defendant is being held in custody, Defense Counsel shall not leave any of the protected discovery with defendant at the jail or other institution where the defendant is being held.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise each person, including the defendant, that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: April 30, 2019                               Respectfully submitted,

                                                    McGREGOR W. SCOTT
                                                    United States Attorney

                                        By:    /s/ Mira Chernick
                                               MIRA CHERNICK
                                               Assistant U.S. Attorney


                                        By:    /s/ David Fischer
                                               DAVID FISCHER
                                               Counsel for Myrna Kawakami

**ORDER**

IT IS SO FOUND AND ORDERED.

DATED: April 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE