DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd. Ste 311
Rocklin, CA 95765
Phone: (916) 447-8600
Fax: (916) 930-6482
E-Mail: david.fischer@fischerlawoffice.com

Attorney for Defendant
MYRNA KAWAKAMI

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 2:19-CR-00067 TLN |
|---|---|
| Plaintiff, | **UNOPPOSED REQUEST FOR RETURN OF PROPERTY (PASSPORT)** |
| v. | |
| MYRNA KAWAKAMI, | |
| Defendant. | |

     On April 11, 2019, Ms. Kawakami was issued a summons to appear in this case. (ECF No. 3.) She was arraigned on April 12, 2019, and ordered released with the only travel restriction that she surrender her U.S. Passport to her lawyer. (ECF No. 4, 9.) On May 3, 2019, the defendant filed a motion to travel to the Philippines. (ECF No. 9.) The Court allowed Ms. Kawakami to travel but ordered that she surrender her passport to Pretrial Services for delivery to the Clerk of the Court upon her return (ECF Nos. 11, 12, 13). Ms. Kawakami traveled again in September 2022, and after her trip, she returned the item to Pretrial Services for delivery to the Clerk of the Court (ECF Nos. 45-49). Ms. Kawakami's passport is in the custody of the Clerk of the Court. ECF No. 49.)

On April 11, 2024, Ms. Kawakami was placed on one year of supervised release. (ECF No. 80.) Her term of supervised release has since expired. Accordingly, Ms. Kawakami requests the Court to order the Clerk to return her passport to her.

On August 1, 2025, the undersigned confirmed with AUSA Denise Yasinow via email that the government does not oppose this request.

I.  UNDER FED R. CRIM. P. 41(g), A DEFENDANT'S PROPERTY SHOULD BE RETURNED TO HER AFTER SENTENCING UNLESS IT HAS EVIDENTIARY VALUE

Pursuant to Fed. R. Crim. P. 41(g), the defendant moves the Court for an Order directing the Clerk of the Court to return the passport seized pursuant to her release conditions. After trial or a plea of guilty, a defendant is presumed to have a right to the return of their property:

> A person aggrieved ... by the deprivation of property may move for the property's return. Fed.R.Crim.P. 41(g). The burden of proof on a Rule 1(g) motion depends on when the defendant files the motion. 'When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property.' [citations]
>
> But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or ... the government has abandoned its investigation." Id. Then, the burden of proof shifts and the defendant 'is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.' [citations]....
>
> a 'defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence.' (internal quotation marks and citation omitted)).

*U.S. v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014); *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023).

Ms. Kawakami is seeking the return of her passport following the service of her sentence, including her one-year term of supervised release. Since her passport was not surrendered due to its evidentiary value, there is no legal basis to continue depriving her of it.

II. CONCLUSION

For the above reasons, Ms. Kawakami respectfully requests that the Court order the Office of the Clerk to return her passport forthwith.

DATED: August 5, 2025         Respectfully submitted,

                              LAW OFFICES OF DAVID D. FISCHER, APC


                              By:*/s/ David D. Fischer*
                              DAVID D. FISCHER
                              Attorney for Defendant
                              MYRNA KAWAKAMI

[~~PROPOSED~~] O R D E R

THE CLERK OF THE COURT IS HEREBY ORDERED TO RETURN MYRNA KAWAKAMI'S PASSPORT FORTHWITH.

Ordered this 5th day of August, 2025.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE